UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

| | |
|---|---|
| DAMIEN COLEMAN, | **COMPLAINT** |
| Plaintiff, | |
| | Docket No. |
| -against- | |
| | <u>Jury Trial Demanded</u> |
| COUNTY OF NASSAU, MICHAEL T. MORGAN, JOHN SCHMITT, SAMUEL AUGELLO, RICHARD MAHEPATH, and JOHN AND JANE DOE 1-10, | |
| Defendants. | |

---------------------------------------------------------------------------------X

Plaintiff DAMIEN COLEMAN, by his attorneys, Brett H. Klein, ESQ., PLLC, complaining of the defendants, respectfully alleges as follows:

**Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

**VENUE**

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff DAMIEN COLEMAN is a forty-three-year old male residing in Westbury, New York.

7. Defendant COUNTY OF NASSAU was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant COUNTY OF NASSAU maintains the Nassau County Police Department (hereinafter referred to as "NCPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, COUNTY OF NASSAU.

9. That at all times hereinafter mentioned, the individually named defendants, MICHAEL T. MORGAN, JOHN SCHMITT, SAMUEL AUGELLO, and RICHARD MAHEPATH, referred to herein as the "individually named defendants", were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the COUNTY OF NASSAU.

11. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant COUNTY OF NASSAU.

## FACTS

12. On August 5, 2014, at approximately 11:55 p.m.., plaintiff was lawfully operating a motor vehicle traveling near West Centennial Avenue and Pennsylvania Avenue, in Roosevelt, New York, when the individually named defendant Nassau County Police Department ("NCPD") police officers stopped plaintiff's vehicle without cause or justification, and thereafter detained, searched, and unlawfully arrested plaintiff.

13. The defendant officers unreasonably ordered him to exit the vehicle.

14. The defendant officers unreasonably searched plaintiff and his vehicle.

15. The defendant officers did not find any contraband on plaintiff or otherwise in plaintiff's actual or constructive possession.

16. The defendant officers nonetheless falsely arrested plaintiff.

17. Plaintiff was handcuffed and imprisoned in a police car and transported to the NCPD 1st Police Precinct and imprisoned therein. Plaintiff was thereafter transported to police headquarters on Franklin Avenue in Mineola, and thereafter to the Nassau County Jail.

18. The defendant officers continued to imprison plaintiff until August 7, 2014, when plaintiff was arraigned in Nassau County Criminal Court on baseless charges filed under docket number 2014CR328281; said charges having been filed based on the false allegations of the defendant officers

19. The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid being

investigated and/or disciplined for the above described abuses of authority.

20. Defendant police officers created and manufactured false evidence, which defendant MICHAEL T. MORGAN conveyed to the Nassau County District Attorney's office which used same against plaintiff in the aforementioned legal proceeding. Specifically, defendant MICHAEL T. MORGAN swore to false allegations that the defendant officers had purportedly recovered drugs in plain view in plaintiff's car.

21. As a result of the defendants' misconduct, plaintiff was compelled to return to court on numerous occasions until August 6, 2015, when the Nassau County District Attorney's Office moved to dismiss all charges against plaintiff and the proceedings were otherwise terminated in Mr. Coleman's favor.

22. The individually named defendant directly participated in the above illegal acts, or otherwise failed to intervene, despite a meaningful opportunity to do so, and/or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

23. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the County of Nassau, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of conducting pretextual car stops, of falsely arresting individuals, of engaging in falsification, conducting lax investigations of police misconduct, and of covering up abuse by fellow officers.

24. The aforesaid event is not an isolated incident. Defendant COUNTY OF NASSAU is aware from lawsuits, notices of claims, complaints field with the NCPD's Internal Affairs Bureau, and the COUNTY OF NASSAU's Civilian Complaint Review Board, and extensive media coverage that many NCPD officers, including the defendants engage in a

practice of falsification to justify unlawful arrests, and engage in cover ups of police abuse.

25. Defendant COUNTY OF NASSAU is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant COUNTY OF NASSAU has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant COUNTY OF NASSAU has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

26. Moreover, upon information and belief, defendant COUNTY OF NASSAU was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant COUNTY OF NEW YORK has retained these officers, and failed to adequately train and supervise them.

27. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff DAMIEN COLEMAN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

30. Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31. As a result of the foregoing, plaintiff DAMIEN COLEMAN sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "31" with the same force and effect as if fully set forth herein.

33. The individually named defendants arrested plaintiff DAMIEN COLEMAN without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

34. The individually named defendants caused plaintiff DAMIEN COLEMAN to be falsely arrested and unlawfully imprisoned.

35. As a result of the foregoing, plaintiff DAMIEN COLEMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendant Morgan initiated, commenced and continued a malicious prosecution

against plaintiff by providing false and/or misleading information to the Nassau County District Attorneys' office.

38.     The aforesaid prosecution terminated in favor of plaintiff when it was dismissed on or about August 6, 2015.

39.     As a result of the foregoing, plaintiff DAMIEN COLEMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     The individually named defendants created false evidence against plaintiff DAMIEN COLEMAN.

42.     The individually named defendants utilized this false evidence against plaintiff DAMIEN COLEMAN in legal proceedings.

43.     As a result of the individually named defendants' creation and use of false evidence, plaintiff DAMIEN COLEMAN suffered a violation of his constitutional right to a fair trial, as guaranteed by the United States Constitution.

44.     As a result of the foregoing, plaintiff DAMIEN COLEMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. The individually named defendants had an affirmative duty to intervene on behalf of plaintiff DAMIEN COLEMAN, whose constitutional rights were being violated in their presence by other officers.

47. The individually defendants failed to intervene to prevent the unlawful conduct described herein.

48. As a result of the foregoing, plaintiff DAMIEN COLEMAN'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

49. As a result of the foregoing, plaintiff DAMIEN COLEMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

52. The aforementioned customs, policies, usages, practices, procedures and rules of

defendant COUNTY OF NASSAU via the Nassau County Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DAMIEN COLEMAN'S rights as described herein. As a result of the failure of COUNTY OF NASSAU to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant COUNTY OF NASSAU has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

53. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DAMIEN COLEMAN.

54. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DAMIEN COLEMAN as alleged herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department were the moving force behind the Constitutional violations suffered by plaintiff DAMIEN COLEMAN as alleged herein.

56. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department, plaintiff DAMIEN COLEMAN was unlawfully arrested, maliciously prosecuted, and subjected to deprivation of his right to fair trial.

57. Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating plaintiff DAMIEN COLEMAN'S constitutional rights.

58. All of the foregoing acts by defendants deprived plaintiff DAMIEN COLEMAN of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from malicious prosecution;

    D. To be free from deprivation of his right to fair trial; and

    E. To be free from the failure to intervene.

59. As a result of the foregoing, plaintiff DAMIEN COLEMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the COUNTY OF NASSAU, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

62. The COUNTY OF NASSAU has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

63. This action was commenced within one (1) year and ninety (90) days after the

cause of action herein accrued.

64. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. The defendants initiated, commenced and continued a malicious prosecution against plaintiff DAMIEN COLEMAN.

67. The defendants caused plaintiff DAMIEN COLEMAN to be prosecuted without probable cause until the charges were dismissed on or about August 6, 2015.

68. Defendant COUNTY OF NASSAU is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein pursuant to the doctrine of *respondeat superior*.

69. As a result of the foregoing, plaintiff DAMIEN COLEMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individually named defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Upon information and belief, defendant COUNTY OF NASSAU failed to use

reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the malicious prosecution of plaintiff DAMIEN COLEMAN.

72. Defendant COUNTY OF NASSAU knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

73. As a result of the foregoing, plaintiff DAMIEN COLEMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

74. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Upon information and belief the defendant COUNTY OF NASSAU failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the malicious prosecution of plaintiff DAMIEN COLEMAN.

76. As a result of the foregoing, plaintiff DAMIEN COLEMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant COUNTY OF NASSAU and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

79. Defendant COUNTY OF NASSAU is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein pursuant to the doctrine of *respondeat superior.*

80. As a result of the foregoing, plaintiff DAMIEN COLEMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §12 against County of Nassau)

81. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. As a result of defendants' misconduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

83. Defendant COUNTY OF NASSAU is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein pursuant to the doctrine of *respondeat superior.*

84. As a result of the foregoing, plaintiff DAMIEN COLEMAN is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DAMIEN COLEMAN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
November 2, 2016

> BRETT H. KLEIN, ESQ., PLLC
> Attorneys for Plaintiff DAMIEN COLEMAN
> 305 Broadway, Suite 600
> New York, New York 10007
> (212) 335-0132
>
> By:      s/ Brett Klein
>          BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

DAMIEN COLEMAN,

                                              Plaintiff,

                                                                         Docket No.

       -against-

COUNTY OF NASSAU, MICHAEL T. MORGAN, JOHN
SCHMITT, SAMUEL AUGELLO, RICHARD MAHEPATH,
and JOHN AND JANE DOE 1-10,

                                             Defendants.

---------------------------------------------------------------------------------X


**COMPLAINT**


                                        **BRETT H. KLEIN, ESQ., PLLC**
                                           Attorneys for the Plaintiff
                                           305 Broadway, Suite 600
                                           New York, New York 10007
                                              (212) 335-0132