FILED
CLERK

2/17/2022 12:07 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DAMIEN COLEMAN,

                       Plaintiffs,

        -against-

COUNTY OF NASSAU, MICHAEL T.
MORGAN, JOHN SCHMITT, SAMUEL
AUGELLO, RICHARD MAHEPATH, and
JOHN and JANE DOES 1-10,

                       Defendants.

-------------------------------------------------------------X

**MEMORANDUM DECISION
AND ORDER**

CV 16-6099 (JMW)

**APPEARANCES**:

Brett H. Klein, Esq.
Brett H. Klein, PPLC
305 Broadway, Suite 600
New York, NY 10007
*Attorney for Plaintiff*

Ralph J. Reissman, Esq.
Nassau County Attorney's Office
One West Street
Mineola, NY 11501
*Attorney for Defendants*

**WICKS,** Magistrate Judge:

      Before the Court is Plaintiff Damien Coleman's ("Plaintiff") motion for partial

reconsideration of the Court's Memorandum-Decision and Order ("M&O") dated November 22,

2021.  *See generally* Plaintiff's Memorandum in Support of their Motion for Reconsideration

(DE 68); Plaintiff's Reply Memorandum in Further Support of their Motion (DE 76); (DE 67).

Defendants oppose the motion.  *See generally* Defendants' Memorandum in Opposition to

Motion for Reconsideration (DE 73).  This case is set for trial on August 8, 2022.  (DE 75.)

      For the reasons that follow, Plaintiff's motion for reconsideration is GRANTED, and,

1

upon reconsideration, Plaintiff's false arrest and failure to intervene claims (first and fourth

causes of action) are reinstated against Defendants Morgan and Schmitt, but remain dismissed

against Defendants Augello and Mahepath, and Plaintiff's malicious prosecution claim (sixth

cause of action) is reinstated against the County.

## **BACKGROUND**

Familiarity with the factual and procedural history of this matter is assumed, as set forth

in detail in the Court's November 22, 2021 M&O.  The court recounts only those facts pertinent

to the disposition of the instant motion for reconsideration.

On August 4, 2014, Plaintiff was driving in his vehicle with his cousin, Gregory Booker

("Booker"), who was seated in the passenger seat of the vehicle.  (DE 67 at 2-3.)  At

approximately 11:55 p.m., Plaintiff and his cousin were pulled over by Defendant Police Officers

Michael Morgan ("Morgan") and John Schmitt ("Schmitt").  (*Id*.)  Defendant Morgan then

approached the passenger side and Defendant Schmitt approached the driver's side of Plaintiff's

vehicle.  (*Id*. at 3.)  Defendant Schmitt asked Plaintiff for his license, registration, and keys,

which Plaintiff provided.  (*Id*.)  Around this time, and before Plaintiff and Booker were asked to

exit the vehicle, Defendant Police Officers Samuel Augello ("Augello") and Richard Mahepath

("Mahepath") arrived at the scene.  (*Id*.)  Defendant Schmitt instructed Plaintiff to exit the

vehicle, which Plaintiff did.  (*Id*.)  Around the same time, Booker also exited the vehicle.  (*Id*.)

Plaintiff heard Defendant Morgan instruct Booker to stand at the rear of Plaintiff's vehicle so he

could be searched.  (*Id*.)  A search of both Plaintiff and Booker, as well as the car, was

performed, and in the course of that search cocaine and marijuana were discovered.  (*Id*.)

Both Plaintiff and Booker were subsequently arrested for narcotics possession, placed in

the back of Defendants Augello and Mahepath's police vehicle, and transported to the Nassau

County Police Station.  (*Id.*)  Plaintiff was held in custody until he was arraigned on August 6, 2014 for the possession of a controlled substance.  (*Id.*)  He was indicted by a grand jury on December 5, 2014.  (*Id*. at 4.)  On August 4, 2015, all charges against Plaintiff were dismissed and sealed after Booker pleaded guilty to possession of a controlled substance and exculpated Plaintiff as part of his allocution.  (*Id.*)

It is these allegations that form the backdrop for Plaintiff's action brought against the County of Nassau ("County") and four Nassau County Police Officers, Morgan, Schmitt, Augello, and Mahepath (collectively, "Defendants"), that asserts various violations of his federal and state constitutional and common law rights.  *See generally* Complaint (DE 1).  Defendants moved for summary judgment on April 11, 2018.  (DE 42.)  Magistrate Judge Tomlinson, who was then assigned to this case, entered an Order on March 29, 2019, granting, in part, and denying, in part, the motion and stated that a written decision would be entered separately.  (DE 55.)

After the matter was reassigned to the undersigned on October 25, 2021 (Electronic Order dated Oct. 25, 2021), on November 22, 2021, this Court issued a M&O on Defendants' motion for summary judgment dismissing Plaintiff's claims in their entirety, with the exception of his malicious prosecution claim and fair trial claim against Defendant Morgan.  (DE 67 at 32.) Plaintiff moved for partial reconsideration of the Court's dismissal of his false arrest and failure to intervene claims against Defendants Morgan, Schmitt, Augello, and Mahepath pursuant to Section 1983, along with his malicious prosecution claim pursuant to New York state law against the County.  (DE 68.)

## STANDARD OF REVIEW

A motion for reconsideration is not meant to simply be another bite at the proverbial apple. Nor is it to be viewed as a continually repeating event such as Groundhog Day. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (not to be used as a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'") (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Rather, "[a] motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, No. 18-CV-1774 (LJL), 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation and quotations omitted).

## DISCUSSION

### A.      False Arrest and Failure to Intervene Claims

Plaintiff seeks reconsideration of the dismissal of his false arrest and failure to intervene claims on the grounds that the Court overlooked factual matters which may have altered the Court's decision or, alternatively, that a clear error or injustice occurred when the Court

4

dismissed his claims on grounds not raised by Defendants.  (DE 68 at 3-5.)  The crux of

Plaintiff's argument is that he was not provided with the adequate notice and opportunity to

defend the grounds on which the Court dismissed his false arrest and failure to intervene claims

based on qualified immunity, namely, Defendant Morgan's deposition testimony regarding a

marijuana odor emanating from Plaintiff's vehicle at the time of the stop.  (*Id.* at 3.)  Had he been

given notice, either by the Court or through Defendants' summary judgment motion, Plaintiff

argues he would have directed the Court to overlooked evidence in the record which, drawing all

reasonable inferences in his favor, rebuts Defendant Morgan's testimony.  (*Id.* at 4.)

Alternatively, Plaintiff argues he would have submitted additional evidence for the Court's

consideration which directly rebuts Defendant's Morgan's testimony.  (*Id.*)

 In opposition, Defendants argue that their summary judgment motion "fully addressed"

the basis of the Court's dismissal of Plaintiff's false arrest and failure to intervene claims and

included, as a part of the record as a whole, Defendant Morgan's deposition testimony.  (DE 73

at 2-3.)  According to Defendants, it is of no consequence that Plaintiff was not provided notice

that Defendant Morgan's testimony regarding the marijuana odor would be considered because it

appeared clearly upon the record that all of the evidentiary materials Plaintiff might submit in

response to this issue was before the Court.  (*Id.* at 2.)

 In dismissing Plaintiff's false arrest claim, the Court's analysis was heavily dependent on

whether probable cause to constructively impute the possession of the narcotics onto Plaintiff

existed.  (DE 67 at 10-20.)  With respect to the material facts relevant to this issue, the M&O

noted that "[b]oth parties' Rule 56.1 Statements, and motion papers generally, fail to adequately

set forth the facts regarding Defendants' decision to remove Plaintiff and Booker from the

vehicle and subsequently search their persons during the traffic stop."  (*Id.* at 14.)  Indeed, as the

moving party, Defendants' Rule 56.1(a) statement contained far fewer material facts than were necessary to create a full and coherent narrative, while their motion papers referred to facts in the underlying evidence which were not presented in their Rule 56.1(a) statement.  Consequently, in deciding the summary judgment motion, the Court was forced to sift through the underlying record with respect to those facts omitted from Defendants' Rule 56.1(a) statement – an inefficient exercise which defeats the entire purpose of Local Rule 56.1.  *See W.D. v. Rockland Cty.*, 521 F. Supp. 3d 358, 371-72 n.4 (S.D.N.Y. 2021) ("Whereas the Court need only consider the cited materials, the Court may also rely on evidence in the record even if uncited.") (citing *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014) and Fed. R. Civ. P. 56(c)(3)).

In doing so, the Court identified deposition testimony from Defendant Morgan where he claimed to have observed an odor of marijuana emanating from Plaintiff's vehicle.  (DE 67 at 14.)  This, in turn, prompted the instruction for Plaintiff and Booker to exit the vehicle.  (*Id*.)  Because Plaintiff did not point to any evidence in the record that rebutted this testimony, the Court accepted this fact as true.  (*Id*. at 14-15, 18.)  Nonetheless, even accepting this fact as true, the M&O found that a jury could reasonably find that probable cause did not exist to constructively impute the possession of the narcotics to Plaintiff and denied summary judgment on Plaintiff's false arrest claim on these grounds.  (*Id*. at 17.)  However, the M&O granted dismissal of Plaintiff's false arrest claim on the basis of qualified immunity reasoning that Defendants could have reasonably believed that Plaintiff was participating in the use of marijuana based on the marijuana odor emanating from the vehicle.  (*Id*. at 18.)  The M&O concluded that, under these circumstances, even if unlawful, imputing constructive possession to Plaintiff was not objectively unreasonable.  (*Id*. at 18-19.)

In that same vein, the M&O dismissed Plaintiff's failure to intervene claim reasoning that "because the Court has concluded that while perhaps unlawful, Plaintiff's arrest was not so unreasonable so as to preclude qualified immunity as to any Defendant, it necessarily follows that it was not objectively unreasonable for each Defendant to decline to intervene in the arrest." (*Id*. at 31.)

Contrary to Defendants assertion, the Court's basis for finding qualified immunity was not "fully addressed" in their motion for summary judgment, and their attempt to distinguish the instant matter from *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) is unavailing. (DE 68 at 3-4). In *Willey*, the Second Circuit declined to affirm parts of the district court's decision on summary judgment that rested on grounds not raised by the defendants because doing so without providing the plaintiff with notice and an opportunity to respond ran counter to Rule 56(f). *Willey*, 801 F.3d at 62 ("Rule 56(f) permits a district court to grant summary judgment on grounds not raised by a party. But a district court may do so only after giving notice and a reasonable time to respond.") (internal quotations and citations omitted). Noting that "[t]he motion was threadbare" and that "[t]he district court itself acknowledged that it was providing more to the defendants than their motion sought," the Second Circuit found that the district court erred in dismissing not only those claims that the defendants failed to address in their motion entirely, but also those claims which were cursorily addressed by the defendants and then decided by the district court on grounds not raised in the motion. *Id*. at 62-63.

Similarly, here, Defendants' moving memoranda in support of their summary judgment motion cursorily addressed their qualified immunity defense in a single statement. (DE 42-3 at 5) ("Indeed, even where 'officers of reasonable competence could disagree' over whether probable cause exists, police officers are entitled to qualified immunity if there was 'arguable

7

probable cause.'") (citations omitted).  Their reply memorandum did little to expand upon this and concluded, without explanation or further reasoning, that "[b]ased upon the undisputed facts, even giving Plaintiff every favorable inference, there is no genuine dispute that the circumstances were such that an 'officer of reasonable competence could have made the same choice in similar circumstances.'"  (DE 43 at 4.)  However, the "undisputed facts" as presented in Defendants' summary judgment motion and Rule 56.1 statement did not mention Defendant Morgan's testimony regarding the marijuana odor allegedly emanating from Plaintiff's vehicle.  (DE 42-1; DE 42-3.)  Merely submitting Defendant Morgan's entire deposition transcript as an attachment to the motion did not, as Defendants contend, provide Plaintiff with notice that a minute portion of that transcript would form the basis of the Court's qualified immunity finding.

Although the Second Circuit has "firmly discouraged the practice," Defendants correctly note that there are circumstances under which it is not a reversible error for a district court to grant summary judgment against a party without notice or opportunity to defend.  *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 139 (2d Cir. 2000); *see also In re 650 Fifth Ave. & Related Properties*, 830 F.3d 66, 96 (2d Cir. 2016) ("grants of summary judgment without notice will be tolerated only . . . when the facts before the district court were fully developed so that the moving party suffered no procedural prejudice.") (internal quotation marks and citation omitted). Indeed, the Second Circuit in *Bridgeway Corp*. held that:

> [R]egardless of the basis for summary judgment, [w]here it appears clearly upon the record that all of the evidentiary materials that a party might submit in response to a motion for summary judgment are before the court, a *sua sponte* grant of summary judgment against that party may be appropriate if those materials show that no material dispute of fact exists and that the other party is entitled to judgment as a matter of law.  In other words, when the … party cannot plausibly claim that, had it been given notice of the district court's consideration of summary judgment against it, it would have brought forth additional evidence, the district court's failure to give notice is harmless and a remand is futile.

*Id.* at 140 (citations omitted).  Here, however, Defendants fail to adequately explain how it appeared clearly upon the record that all of the evidentiary materials Plaintiff may have submitted regarding the issue of qualified immunity were before the Court.  To the contrary, in moving for reconsideration, Plaintiff plausibly argues that he would have submitted additional evidence, had he the opportunity, which would have created a genuine issue of material of fact. (DE 68 at 4-5.)  Specifically, Plaintiff attaches his declaration in which he attests that there was no marijuana odor emanating from the vehicle prior to his arrest.  (DE 69 at 1.)  This evidence, if considered, would create a genuine issue of material fact regarding the odor emanating from Plaintiff's vehicle.  As such, granting summary judgment on grounds not raised by Defendants in their motion without providing Plaintiff with notice and opportunity to defend was not proper. Therefore, in exercising its discretion, the Court will reconsider the dismissal of Plaintiff's false arrest and failure to intervene claims to prevent clear error or manifest injustice.  *See Dejesus v. Malloy*, No. 16-CV-06470 (EAW), 2022 WL 263142, at *2 (W.D.N.Y. Jan. 28, 2022) ("In the context of a motion for reconsideration, 'manifest injustice' is defined as 'an error committed by the trial court that is direct, obvious, and observable.'") (citing *Corpac v. Rubin & Rothman*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (citation omitted)).

In doing so, the Court finds that Defendants are not entitled to qualified immunity for Plaintiff's false arrest and failure to intervene claims at this stage.  As further explained in the M&O, the facts regarding Defendants' decision to remove Plaintiff and Booker from the vehicle and subsequent search of their persons were not adequately developed in the parties' motion papers.  (DE 67 at 14.)  However, based on the facts identified in those papers and now introduced in Plaintiff's declaration submitted in support of the instant motion, it is evident that the parties present competing versions of events that lead to Plaintiff's arrest.  "[A]s in all legal

determinations at the summary judgment stage, this court is 'required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion," which "[i]n qualified immunity cases, . . . usually means adopting . . . the plaintiff's version of the facts.'" *Campbell v. City of New York*, No. 16-CV-7201, 2019 WL 569768, at *9 (E.D.N.Y. Feb. 11, 2019) (citation omitted).  Drawing all reasonable inferences in Plaintiff's favor and accepting that there was no marijuana odor emanating from the vehicle and the narcotics at issue were found in Booker's pockets, a jury could find that it was objectively unreasonable for the officers to believe probable cause existed or that reasonably competent officers would not disagree as to whether probable cause existed.  Therefore, Plaintiff's false arrest and failure to intervene claims are reinstated against Defendants Morgan and Schmitt, but remain dismissed against Defendants Mahepath and Augello.

The M&O dismissed Plaintiff's false arrest claim against Defendants Mahepath and Augello reasoning that there were too few facts to connect them to any constitutional violation related to Plaintiff's arrest.  (DE 67 at 19); *see also Brandon v. Kinter*, 938 F.3d 21, 36 (2d Cir. 2019) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (citation and quotations omitted); *Bell v. NYC*, No. 18-CV-1081 (BMC), 2018 WL 1054378, at *1 (E.D.N.Y. Feb. 23, 2018) (To sustain a claim brought under Section 1983, "he must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation.") (citing *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010).  Similarly, the M&O noted that there were "insufficient facts from which a reasonable jury could conclude that it was 'objectively unreasonable' for any Defendant to fail to intervene in Plaintiff's arrest."  (DE 67 at 31.)

In moving for reconsideration, Plaintiff argues that his false arrest and failure to intervene claims should be reinstated against each individual Defendant because they were all directly involved in Plaintiff's arrest or, alternatively, failed to intervene.  (DE 68 at 5-6.)  Specifically, Plaintiff contends that Defendants' mere presence during Plaintiff's arrest constitutes the requisite involvement to reinstate his claims.  (*Id*. at 5.)  "While multiple officers can be liable for an arrest and imprisonment deemed unlawful," *Schomburg v. Bologna*, No. 12-CV-7161 (RWS), 2014 WL 4495192, at *2 (S.D.N.Y. Sept. 12, 2014), they must nonetheless have "personal involvement" in the alleged constitutional deprivation, *Brandon*, 938 F.3d at 36.  This may be established by a showing of direct participation, that is, "personal participation by one who has knowledge of the facts that rendered the conduct illegal," or indirect participation, "such as ordering or helping others to do the unlawful acts."  *Israel v. City of New York*, No. 16-CV-6809 (PGG), 2018 WL 11219076, at *4 (S.D.N.Y. Sept. 29, 2018) (citing *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001)).  In order for liability to attach on a failure to intervene theory, a police officer must have known that a constitutional violation was being committed by a law enforcement official, and "there must have been a realistic opportunity to intervene to prevent the harm from occurring."  *Wong v. Yoo*, 649 F. Supp. 2d 34, 61 (E.D.N.Y. 2009) (citing *Anderson v. Branen,* 17 F.3d 552, 557 (2d Cir. 1994)).

Drawing all reasonable inferences in Plaintiff's favor, it appears that Defendants Morgan and Schmitt acted as partners when Plaintiff's vehicle was stopped and Plaintiff and Booker were searched and arrested; both Defendants being involved in the decision to or, at least, aware of the circumstances leading up to Plaintiff's arrest.  As such, a reasonable jury could find that either Defendants Morgan or Schmitt were directly involved or, alternatively, failed to intervene in

11

Plaintiff's arrest.[1]  With respect to Defendants Augello and Mahepath, however, the M&O found that the extent of their involvement in Plaintiff's arrest appeared to be (1) their general presence at the scene of the arrest and (2) their transportation of Plaintiff to the police station after his arrest.  (DE 67 at 19.)  In seeking reconsideration, Plaintiff does not point to any overlooked evidence or additional evidence that he did not have the opportunity to previously present that, explicitly or implicitly, demonstrate Defendants Augello and Mahepath (1) were personally involved in Plaintiff's arrest or (2) must have known that an arrest was being made without probable cause and failed to intervene.  For instance, Plaintiff does not point to any evidence regarding Defendants Augello and Mahepath's actions at the scene, their knowledge of the circumstances leading up to the arrest, or the existence and substance of any communications they may have had with Defendants Morgan and Schmitt when they arrived on the scene.  Instead, Plaintiff puts forth the same argument made in opposition to Defendants' summary judgment motion.  Specifically, Plaintiff seeks to draw inferences simply from the fact Defendants Augello and Mahepath arrived at the scene right before Plaintiff was asked to exit his

---

[1] "A 'failure to intervene' cause of action does not itself state a separate constitutional violation."  *Hickey v. City of New York*, No. 01-CV-6506 (GEL), 2004 WL 2724079, at *16 (S.D.N.Y. Nov. 29, 2004), *aff'd*, 173 F. App'x 893 (2d Cir. 2006).  As Circuit Judge Bianco stated,

> "Instead, it is an alternative theory of liability for certain constitutional violations, such as a false arrest." (citing *Blake v. Race*, 487 F. Supp. 2d 187, 208 n.14 (E.D.N.Y. 2007) (distinguishing between a plaintiff's 'primary theory of liability' that 'the defendants were directly involved in the unconstitutional acts' and the plaintiff's 'failure to intercede theory' and rejecting argument that plaintiff had abandoned any failure to intercede liability)). As the Second Circuit has made clear, "[l]iability attaches on the theory that the officer, by failing to intervene, becomes a 'tacit collaborator' in the illegality." *Figueroa v. Mazza*, 825 F.3d 89, 106 (2d Cir. 2016) (citation omitted).

*Moroughan v. Cty. of Suffolk*, 514 F. Supp. 3d 479, 521 n.22 (E.D.N.Y. 2021).

vehicle.  Conclusory allegations regarding a police officer's involvement in or knowledge of a constitutional violation, devoid of *any* details, is insufficient to defeat summary judgment.  *See FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (explaining that the nonmoving party on summary judgment "may not rely on conclusory allegations or unsubstantiated speculation."); *Israel*, 2018 WL 11219076, at *4 ("Conclusory accusations regarding a defendant's personal involvement in the alleged violation, standing alone, are not sufficient.") (citations omitted).

Accordingly, the Court finds that reconsideration of its dismissal of Plaintiff's false arrest and failure to intervene claims is warranted against Defendants Morgan and Schmitt to prevent clear error or manifest injustice, but not against Defendants Augello and Mahepath.  Upon reconsideration, the claims are reinstated solely against Defendants Morgan and Schmitt.[2]

### B.  Malicious Prosecution

Plaintiff seeks reconsideration of the dismissal of his malicious prosecution claim against the County on the grounds that the Court overlooked controlling law which permits him to maintain a malicious prosecution claim under the theory of *respondeat superior* under state law. (DE 68 at 6.)  Defendants do not seemingly oppose this aspect of Plaintiff's reconsideration motion.  (DE 73 at 2-4.)

Although the M&O did not analyze Plaintiff's state law malicious prosecution claim against the County under the theory of *respondeat superior*, the claim against the County was

---

[2] Although Defendants Morgan and Schmitt "'cannot be liable for both the underlying constitutional deprivation and a failure to intervene to stop [himself] from committing that violation,'" *Case v. City of New York*, 233 F. Supp. 3d 372, 402 (S.D.N.Y. 2017) (citation omitted), "[i]t is well settled that the alternative pleading principles of Rule 8(d) apply even at the summary judgment stage of litigation," *Polanco v. City of New York*, No. 14-CV-7986 (NRB), 2018 WL 1804702, at *10 (S.D.N.Y. Mar, 28, 2018) (citations omitted).

inadvertently included among those dismissed under the "Conclusion" section of the M&O.  (DE 67 at 32.)  As Plaintiff correctly notes, unlike claims brought under Section 1983, under New York state law, a municipality may be held liable for malicious prosecution under a theory of *respondeat superior.  See Bailey v. City of New York*, 79 F. Supp. 3d 424, 451 (E.D.N.Y. 2015); *Sankar v. City of New York,* 867 F. Supp. 2d 297, 313 (E.D.N.Y. 2012) ("Unlike [section 1983] claims, . . .  under New York state law, municipalities may be held vicariously liable for ... malicious prosecution under a theory of *respondeat superior.  This applies even to discretionary actions by police officers where ... genuine issues of material fact exist as to whether there was probable cause for arrest.") (citations omitted).

Accordingly, the Court finds that reconsideration of its dismissal of Plaintiff's malicious prosecution claim against the County is warranted to prevent clear error or manifest injustice arising from the inadvertent inclusion of the claim among those dismissed, and upon reconsideration the claim is reinstated against the County.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's motion for reconsideration is GRANTED.  Upon reconsideration, Plaintiff's false arrest and failure to intervene claims are reinstated against Defendants Morgan and Schmitt, but remain dismissed against Defendants Augello and Mahepath, and Plaintiff's malicious prosecution claim is reinstated against the County.

Dated: Central Islip, New York
       February 17, 2022

**SO ORDERED:**

/s/ *James M. Wicks*
    JAMES M. WICKS
United States Magistrate Judge

14